UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-598-RJC

| | |
|---|---|
| MICHAEL ANTHONY KERR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| KEITH WHITENER, Administrator, ) | |
| Alexander Correctional Inst., ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Respondent's Motion for Summary Judgment, (Doc. No. 6), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

First, as to Petitioner's Motion to Proceed in Forma Pauperis, Petitioner's inmate trust account statement indicates that Petitioner had $8.39 in his trust account as of September 21, 2012. (Doc. No. 4-1). The filing fee for a habeas petition is $5.00. 28 U.S.C. § 1914(a). The Court will grant Petitioner's motion to proceed in forma pauperis, given that Petitioner's most recent balance is only slightly more than the $5.00 filing fee.

I.  **BACKGROUND**

Petitioner is a prisoner of the State of North Carolina. On January 14, 2011, in Sampson County Superior Court, the Honorable Milton F. Fitch, Jr., judge presiding, Petitioner was convicted after a jury trial of three counts of discharging a firearm into occupied property, possession of a firearm by a felon, and having achieved habitual felon status. Petitioner was sentenced to two consecutive terms of 151-91 months imprisonment in cases 08 CRS 53496-497. On May 1, 2012, the North Carolina Court of Appeals issued an unpublished opinion finding no

prejudicial error. State v. Kerr, No. COA11-749, 2012 WL 1514919, at *1 (N.C. Ct. App. May 1, 2012). On June 13, 2012, the North Carolina Supreme Court denied discretionary review. State v. Kerr, 726 S.E. 2d 180 (N.C. 2012).

Petitioner was represented at trial by Penny K. Bell and on appeal by Rudolph A. Ashton, III and Kirby H. Smith, III. Petitioner admits in his pro se federal habeas application form that, other than his direct appeal, he has filed no other petitions, applications, or motions concerning this judgment in any state court.

Petitioner dated his pro se federal habeas application form August 27, 2012, and filed it in this Court on September 10, 2012.[1] (Doc. No. 1). Petitioner's sole ground for relief is that the trial court violated his constitutional rights by allowing the jury to hear his initial guilty plea to his habitual felon status and then by allowing the same jury to find him guilty of being a habitual felon after Petitioner had withdrawn his plea. On October 12, 2012, Respondent filed the pending motion for summary judgment. (Doc. No. 6). On October 16, 2012, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), allowing Plaintiff thirty days to respond to the summary judgment motion. (Doc. No. 8). On November 1, 2012, Petitioner filed a response in opposition to the summary judgment motion. (Doc. No. 9).

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as

---

[1] Petitioner is currently confined in the Alexander Correctional Facility, which is within the Western District of North Carolina. Therefore, this Court has jurisdiction to consider the instant petition. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 443 (2004) (holding that a § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire in personam jurisdiction of a petitioner's warden or other custodian). Respondent contends in its summary judgment motion that the petition was filed in the wrong district. Respondent notes that Petitioner was convicted and sentenced in the Eastern District and Respondent cites to an inter-district Order dated October 26, 1966, requiring that federal habeas petitions by North Carolina state prisoners be filed in the district where the petitioner was convicted and sentenced him. See (Doc. No. 7-10: Order). This Court must defer to Supreme Court law regarding the proper district in which a § 2254 petition must be filed and finds that the petition was properly filed in this district.

follows:

> On the evening of 20 September 2008, Sharon James (James) was talking on the telephone in the living room of her apartment located in Garland, North Carolina, when she heard three "firecracker" sounds and glass fall from her kitchen window. She ran to the kitchen and saw glass in the sink. She then ran to her front porch and saw her next-door neighbor, Antonio Kerr (Antonio), who told her "Michael Kerr was shooting our house up." Michael Anthony Kerr (defendant) is the father of Antonio. James observed defendant driving his blue pickup truck. Defendant drove into Antonio's driveway, and started shooting again. Defendant then shouted that it "wasn't over," and drove off. James called police.
>
> James' cousin had been tried and convicted of the murder of one of defendant's sons. James testified at the trial as a witness for her cousin.
>
> In his initial statement to police, Antonio identified defendant as being present at the time of the shootings, in possession of a black gun. The statement also indicated that defendant drove away after the shootings in his blue pickup truck. At trial, Antonio testified that his statement to police was false and that the man involved in the shootings was not his father.

State v. Kerr, No. COA11-749, 2012 WL 1514919, at *1 (N.C. Ct. App. May 1, 2012).

## II.   STANDARD OF REVIEW

### A.   Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. FED. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B.   Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must

also consider the Petition for Writ of Habeas Corpus under the requirements set forth in 28 U.S.C. § 2254. Section 2254(d) provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F .3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)).

4

In addition, "[a] federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Walker v. Martin, 131 S.Ct. 1120, 1127 (2011) (internal quotations and citations omitted). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." Id. (citation omitted). A procedural default also occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Hyman v. Keller, No. 10-6652, 2011 WL 3489092, at *9 (4th Cir. July 21, 2011) (quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)); see also 28 U.S.C. § 2254(b)(1)(A).

A habeas petitioner may also overcome his procedural default by demonstrating that the court's failure to consider the claim will result in a fundamental miscarriage of justice. Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The "fundamental miscarriage of justice" exception applies only to a narrow class of cases involving extraordinary instances "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke v. Haley, 541 U.S. 386, 392-94 (2004) (citing Murray v. Carrier, 477 U.S. 478, 494-96 (1986)).

### III. DISCUSSION

In his sole ground for relief, Petitioner contends that the trial court violated his constitutional right to a fair trial by an impartial jury by allowing the jury to hear his initial guilty plea to his habitual felon status and then by allowing the same jury to find him guilty of being a

5

habitual felon after Petitioner had withdrawn his plea.  For the following reasons, Petitioner is not entitled to federal habeas relief.

First, Petitioner's contention is procedurally defaulted based on the North Carolina Court of Appeals' application of the contemporaneous objection rule.  Petitioner failed to raise an objection to this claim at trial.  Thus, on direct appeal the North Carolina Court of Appeals adjudicated the claim under the plain error standard.  "Where a petitioner fails to comply with a state procedural requirement, such as the requirement of contemporaneous objection at trial . . . , and the failure provides adequate and independent grounds for the state court's denial of relief, federal review of the issue will also be barred where the state has expressly relied on procedural default."  Byers v. Hathaway, No. 3:07cv290, 2010 WL 5092247, at *11 (W.D.N.C. Sept. 7, 2010) (noting that the state court's application of the plain error standard of review "does not release Petitioner from the procedural bar"); see also Daniels v. Lee, 316 F.3d 477, 487-88 (4th Cir. 2003) (availability of plain error review in state appellate court of claim which was procedurally defaulted because not raised at trial does not eliminate prior procedural default).  Furthermore, Petitioner has not shown cause, actual prejudice, or a miscarriage of justice to excuse the procedural default.  In sum, Petitioner's claim is procedurally barred.[2]

The Court further finds that even if Petitioner's claim were not procedurally barred, he would not be entitled to relief on the merits.  When Petitioner raised the substance of his claim on direct appeal, the North Carolina Court of Appeals adjudicated and denied it on the merits,

---

[2] Additionally, Petitioner's claim is procedurally barred because he failed to fairly raise it in his petition for discretionary review to the North Carolina Supreme Court.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (claims not raised in petition for discretionary review to the state's highest court from intermediate state appellate court on direct review are non-exhausted and therefore procedurally barred from federal habeas review).

6

finding harmless error as follows:

> V.      Habitual Felon Phase of Trial
>
> In his fourth argument, defendant contends that the trial court committed plain error in allowing defendant to plead guilty to habitual felon status, and then withdraw that plea, in the presence of the same jury that subsequently found him guilty of being an habitual felon. We agree that the trial court erred, but hold that any error did not rise to the level of plain error.
>
> A.      Standard of Review
>
> Plain error review of unpreserved issues in a criminal trial is limited to jury instructions and rulings on the admissibility of evidence. State v. Gregory, 342 N.C. 580, 584, 467 S.E.2d 28, 31 (1996). In this case defendant argues that the trial court failed to give a curative instruction to the jury. To that extent, plain error review is proper in this case. "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." State v. Jordan, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993). FN1
>
> FN1. Defendant contends that if the trial court erred, the State has the burden of demonstrating that the error is harmless beyond a reasonable doubt. That is incorrect. The plain error prejudice standard applies—not the standard contained in N.C. GEN.STAT. § 15A-1443(b)—even when a defendant asserts constitutional error as a basis for a new trial. See State v. Lawrence, No. 100PA11, slip op. 11–12 (N.C. Apr. 12, 2012) (stating that the burden shifts to the State when the appellate court is engaged in harmless error review because the issue was preserved at trial); State v. Golphin, 352 N.C. 364, 449, 533 S.E.2d 168, 224 (2000) (stating, in this context, that the defendant must meet the usual plain error prejudice standard).
>
> B.      Analysis
>
> The jury returned verdicts of guilty against defendant on three counts of discharging a firearm into occupied property and one count of possession of a firearm by a felon. Following a poll of the jurors, the trial court accepted the four verdicts. With the jury still in the courtroom, the prosecutor arraigned defendant on the charge of being a habitual felon. Defendant entered a plea of guilty. Upon learning that the plea transcript had not yet been filled out, the trial court instructed defense counsel, "[T]ake the answers as I proceed through the transcript." After going through part of the plea with the court, defendant stated "I want to withdraw that guilty plea." All of these proceedings took place in the presence of the jury. The State then presented evidence to this jury concerning

defendant's three prior felony convictions. Defendant offered no evidence. The
charge of habitual felon was submitted to the jury, with argument by defendant,
and none from the State. The jury found defendant guilty of being a habitual
felon.

Upon acceptance of the jury's guilty verdicts on the four felony charges, the trial
court should have excused the jury from the courtroom. Then, the trial court
should have inquired as to how defendant would plead to the charge of habitual
felon. If guilty, then the plea should have been taken outside the presence of the
jury. If not guilty, then the jury should have been returned to the courtroom for
trial of the habitual felon charge. Under no circumstances should the guilty plea
colloquy have been conducted in front of the jury. Until the entire colloquy
required by N.C. GEN.STAT. § 15A-1022 is completed, and the plea has been
accepted by the trial court, there is no guilty plea, and there exists the possibility
that defendant will decide not to consummate the plea.

Defendant argues that he was prejudiced by the jury hearing his plea of guilty that
was subsequently withdrawn. He further contends the trial court compounded this
by not giving a curative instruction.

We note that the trial court did not give a specific instruction to the jury as to how
it was to consider the defendant's guilty plea and its subsequent withdrawal.
However, the trial court did instruct the jury as follows:

The defendant, to this second phase, has entered a plea of not guilty. The fact
[that] he has been charged with this status is no evidence of guilt. Under our
system of justice, when a defendant pleads not guilty, he's not required to prove
his innocence; he's presumed to be innocent. The State must prove to you that the
defendant is guilty beyond a reasonable doubt.

This instruction made it clear that defendant pled not guilty, was presumed
innocent, and that the State bore the burden of proving his guilt.

The evidence of defendant's three prior felony convictions was uncontroverted.
On appeal, defendant does not challenge any of the three convictions. Nowhere in
his brief does defendant articulate how, in light of the uncontroverted evidence of
his being a habitual felon, that he has met the high burden of showing that but for
the alleged error, the jury would have reached a different verdict.

This argument is without merit.

Kerr, 2012 WL 1514919, at *1-6.

The state court's adjudication of Plaintiff's claim was neither contrary to nor an

unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of facts in light of the evidence presented in the state court proceedings. That is, as the state court noted, Petitioner's three prior felony convictions were "uncontroverted." The state court findings of fact are presumed correct. See 28 U.S.C. § 2254(e)(1). Petitioner has simply not shown that he was denied the constitutional right to a fair trial by an impartial jury, or that he was denied other federal constitutional right. In any event, any potential error resulting from Petitioner's current claim was harmless for purposes of federal habeas review. Because Petitioner did not contest his prior felony convictions, the fact that the jury was present in the courtroom during his initial guilty plea to the habitual felon status, which he subsequently withdrew, could not possibly have had a "substantial and injurious" impact on the habitual felon verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (harmless error standard on federal habeas review requires trial error to have a "substantial and injurious effect or influence in determining the jury's verdict" to warrant relief); see also Fry v. Pliler, 551 U.S. 112 (2007) (Brecht's "substantial and injurious effect" standard applies on federal habeas review regardless of whether the state appellate court found error or applied the "harmless beyond a reasonable doubt" standard of Chapman).

In sum, Petitioner's claim is both procedurally barred and without merit.

**IV. CONCLUSION**

For the reasons stated herein, Respondent is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

2. Respondent's Motion for Summary Judgment, (Doc. No. 6), is **GRANTED**.

3. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: January 14, 2013

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge